IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 11-583 |
| VICTOR PHILLIP | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

As per the Court's Memorandum and Order dated August 1, 2012 (Dkts. 30 and 31), the Court has granted the defendant's motion for "Special Probation" pursuant to Title 18, United States Code, Section 3607. The government understands that at the sentencing hearing, currently scheduled for August 23, 2012 at 3 p.m., the Court will impose certain conditions relating to the defendant's term of Special Probation. Specifically, the Court will include conditions related to drug testing, drug treatment and community service. The government respectfully requests that the Court also include the following conditions, all but the first of which are standard conditions of probation:

1. The Probation Office will report to the Court any violation, including a technical violation, of the defendant's terms of Special Probation, so that any violation can appropriately be addressed by the Court and the parties.

2. The defendant shall not commit another federal, state or local crime.

3. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

4. The defendant shall not leave the judicial district without the permission of the court or probation officer.

5. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

6. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7. The defendant shall support his dependents and meet other family responsibilities.

8. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

9. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

10. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

11. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

13. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

14. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

It is the government's position that these special conditions will ensure that the probation office is able to fully supervise the defendant during his term of Special Probation to ensure full compliance with the other conditions imposed by the Court and also with the law.

After reviewing the Presentence Investigation Report (PSR) prepared by the U.S. Probation Office, the government has particular concerns about the supervision of this defendant. In paragraph 13 of the PSR, it appears that the defendant told the Probation Officer that "he had never worked while under the influence of a substance." This statement is directly contrary to the uncontradicted testimony of Charles Haux, who testified in part as follows:

| | |
|---|---|
| Government: | At the time of your arrest, was Victor Phillip and existing customer of yours? |
| Haux: | Yes. |
| Government: | And how long had you been selling Victor Phillip pills? |
| Haux: | Uh, over five years. |
| Government: | What pills were you selling him? |
| Haux: | Uh, Percocets and Oxys too. |
| Government: | And on average of how often in any given week would you sell him Percs or Oxys? |

| | |
|---|---|
| Haux: | Two or three times. |
| Government: | Now, is Mr. Phillip an individual who you observed use the pills after you sold them to him? |
| Haux: | Yes. |
| Government: | Did you use pills with Mr. Phillip? |
| Haux: | Yes, I did. |
| Government: | Did Mr. Phillip buy pills from you during his work shift or did he come to the Boeing property when he was not working? |
| Haux: | It would be his work shift. |
| Government: | So you sold to him during his work shift as well. |
| Haux: | Correct. |
| Government: | And when you and he used together it was on his work shift and your work shift? |
| Haux: | Yes. |

Consol. Hrg. Tr. (July 11, 2012), at 124-125.  The government agrees with the Probation Officer who reports that "the defendant has not been entirely forthcoming about his use of oxycodone . . . [, which should] be considered by the Court when fashioning the appropriate sentence in this case."  PSR ¶ 15.  The government further asserts that the defendant's statement to the Probation Officer is contrary to the goal of rehabilitation reflected in the Court's granting of Special Probation for this defendant.  Accordingly, the government respectfully requests that the

Court order particularly close supervision of this defendant to ensure that the defendant is complaint with the conditions of Special Probation.

                                    Respectfully submitted,

                                    ZANE DAVID MEMEGER
                                  United States Attorney

                                  _____/s/_____
                                  FAITHE MOORE TAYLOR
                                  ASHLEY K. LUNKENHEIMER
                                  Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I certify that a copy of the GOVERNMENT'S SENTENCING MEMORANDUM has been filed electronically on the Electronic Case Filing system and is available for viewing and downloading from the ECF system, and/or was served by electronic mail on the following defense counsel:

>Peter J. Scuderi, Esq.
>Counsel for Victor Phillip

>_____/s/_____
>Ashley K. Lunkenheimer
>Assistant U.S. Attorney

Date:  August 22, 2012